UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YOK

_____

LAURA E. BOOK,

                       Plaintiff,

    v.                                            Civil Action No._____

STONELEIGH RECOVERY ASSOCIATES, LLC,

                       Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter referred to as "FDCPA").

### II.  JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) in that the Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

4.  Plaintiff, Laura E. Book, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

5.  Defendant, Stoneleigh Recovery Associates, LLC, is a New York State foreign limited liability company, and is a debt collector as defined by 15 U.S.C. § 1692a(6).  The New York State Department of State indicates a registered address for service of process as C/O Corporation Service Company, 80 State Street, Albany, New York 12207-2543.  The Defendant's corporate address is 810 Springer Drive, Lombard, Illinois 60148.

6.  The acts of the Defendant alleged in this Complaint were performed by its employees acting within the scope of actual or apparent authority.

7.  All references to "Defendant" shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

8.  Plaintiff incurred financial obligations to David's Bridal in 2010 and the GAP in 2009 in connection with the origination of consumer credit that was primarily used for personal, family, or household purposes and the associated debt is, therefore, a "debt" as that term is defined by 15. U.S.C. § 1692a(5).

9.  Subsequent to the origination of the subject debt, a payment default occurred.

10. Thereafter, the debt was consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff.

11. On or about December 14, 2011, the Defendant placed a collection call to the house of the Plaintiff's parents.  Plaintiff's mother answered the telephone call and spoke to one of the Defendant's collectors.

2

12. Defendant made no attempt whatsoever to limit the scope of the third-party call merely to the acquisition of location information.  Rather, the Defendant deceptively and misleadingly acted as if he was a friend of the Plaintiff.  Defendant asked the third party if she knew where the Plaintiff was.  When Plaintiff's mother indicated that she did not know, the Defendant quickly became nasty and belligerent.  Defendant asked, "don't you know where your daughter is, how could you not know where your daughter is?"  Defendant badgered the third party for information.

13. Plaintiff ultimately returned the call to the Defendant and spoke to the collector, identified as "Rich."  "Rich" was extremely rude and disrespectful to the Plaintiff, so she asked to speak to a supervisor.

14. When Plaintiff engaged the supervisor in conversation, the demeaning, belittling, and nastiness continued and escalated.  The supervisor lectured the Plaintiff for approximately twenty to thirty minutes.  He felt it necessary to inform the Plaintiff that her credit report was a reflection of the her character.

15. The supervisor further felt it necessary to demean the Plaintiff by informing her that his kids were fed, his car had gas, and that his house had heat.

16. The supervisor then inquired into Plaintiff's financial situation further.  The supervisor, referring to the wedding dress purchased from David's Bridal, asked the Plaintiff what she was doing with the dress.  The supervisor followed-up and asked the Plaintiff if she was married, to which Plaintiff replied that she was divorced.  The Defendant's supervisor responded with, "Oh, so you don't need that anymore," mocking the Plaintiff's recent divorce.

3

17. Towards the end of the conversation, the Defendant's supervisor began to, in a childish manner, insist that the Plaintiff just hang-up on him.  He would say, "You are justing wasting your time, why don't you just hang-up the phone."  When the Plaintiff would try to respond, the Defendant would interrupt the Plaintiff and again challenge her to hang-up on him.  This act was repeated several times by the Defendant's collector.

18. As a result of the Defendant's multiple violations of the FDCPA, Plaintiff became nervous, upset, anxious, nauseous, cried, and suffered from emotional distress.

## V.  CAUSE OF ACTION

19. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

   a. Defendant violated 15 U.S.C §§ 1692b, 1692b(1), 1692c(b) by failing to limit the scope of the communication to a third party to the acquisition of location information, and by failing to state, during the communication, that the debt collector was confirming or correcting location information.

   b. Defendant violated 15 U.S.C §§ 1692d, 1692d(2), 1692(d)(6) by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the hearer in connection with the collection of a debt, and by placing telephone calls without meaningful disclosure of the caller's identity.

   c. Defendant violated 15 U.S.C §§ 1692e, 1692e(10), 1692e(11) by using false, deceptive, or misleading representations or means in connection with the

collection of a debt and to obtain information regarding the consumer, and failed

to provide an initial written communication to the consumer.


d.   Defendant violated 15 U.S.C § 1692g(a) by failing to provide the required written

notices to the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the

Defendant for:

(a)  Actual damages;

(b)  Statutory damages pursuant to 15 U.S.C. § 1692k;

(c)  Cost, disbursements, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(d)  For such other and further relief as may be just and proper.


## VI. JURY DEMANDED

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  January 26, 2012

s/Brad J. Davidzik_____
Brad J. Davidzik, Esq.
Jeffrey Freedman Attorneys at Law
Attorneys for Plaintiff
424 Main Street, Suite 622
Buffalo, New York 14202
(716) 856-7091
Email: bdavidzik@jeffreyfreedman.com